Mr. Thomas H. McGowan Youngdahl, Trotter, McGowan Harmon 103 W. Capitol, Suite 1205 Little Rock, Arkansas 72201
Dear Mr. McGowan:
This is in response to your request, (received by this office on November 7, 1991), on behalf of the Arkansas State AFL-CIO and pursuant to A.C.A. § 7-9-107, for certification of the following popular name and ballot title:
 (Popular Name)
 AN ACT TO AMEND THE ARKANSAS WORKERS' COMPENSATION LAW
 (Ballot Title)
 AN ACT TO AMEND ARKANSAS CODE ANNOTATED §§ 11-9-201
THROUGH 11-9-801; TO ESTABLISH A WORKERS' COMPENSATION ADVISORY COUNCIL TO DETERMINE AND APPROVE THE USES FOR SPECIAL INJURY PREVENTION FUNDS AND TO AID THE GOVERNOR BY MAKING RECOMMENDATIONS FOR IMPROVEMENTS IN THE WORKERS' COMPENSATION LAW; TO INCLUDE INTOXICATION THROUGH USE OF ALCOHOL OR ILLEGAL DRUGS AS A DEFENSE TO A WORKERS' COMPENSATION CLAIM; TO RAISE THE MAXIMUM WEEKLY DISABILITY OR DEATH BENEFIT TO THE AVERAGE WEEKLY WAGE IN THE STATE OF ARKANSAS EFFECTIVE JANUARY 1, 1993; TO INCREASE THE PERIOD OF VOCATIONAL REHABILITATION TRAINING TO ONE HUNDRED FOUR (104) WEEKS FOR EMPLOYEES WHO QUALIFY FOR SUCH TRAINING DUE TO PERMANENT DISABILITY; TO ALLOCATE FUNDS TO IMPROVE SAFETY IN THE WORKPLACE TO A MINIMUM OF $200,000 PER ANNUM; TO MANDATE PAYMENT OF MEDICAL BILLS WITHIN THIRTY (30) DAYS OF RECEIPT OR TO PROVIDE DETAILED EXPLANATION FOR REFUSAL TO MAKE PAYMENT AND IF REASONABLENESS OF CHARGES IS CONTESTED TO MAKE MEDICAL PROVIDER A PARTY TO ADJUDICATION; TO GIVE THE INJURED WORKER A RIGHT TO SELECT A PHYSICIAN OR TO CHANGE ONE TIME ONLY FROM A PHYSICIAN SELECTED BY THE EMPLOYER; TO REQUIRE THE WORKERS' COMPENSATION COMMISSION TO CONSIDER WAGE EARNING LOSS AS WELL AS FUNCTIONAL LOSS IN FIXING THE LOSS OR LOSS OF USE OF A MEMBER IF AN INJURED EMPLOYEE IS NOT RETURNED TO WORK OR SUFFERS A WAGE LOSS; TO SET A LIMIT OF TWENTY PERCENT (20%) ON ATTORNEYS' FEES BASED UPON SUMS PAID IN RESPECT TO A CLAIM WITH FEES TO BE PAID BY THE EMPLOYER OR INSURANCE CARRIER; TO PROVIDE THAT IF THE EMPLOYER DOES PROVIDE OF COMPENSATION [SIC] BY THE FIFTEENTH (15th) DAY AFTER NOTICE OF THE INJURY OR DEATH, AND CONTINUE PAYMENTS WHEN DUE, IT SHALL BE PRESUMED THAT THE CLAIM IS CONTROVERTED; AND FOR OTHER PURPOSES.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed act. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed act which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990), citing Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403
(1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
With the above precepts in mind, your proposed popular name is hereby approved as submitted.
With regard to the proposed ballot title, however, it is my opinion that minor changes and additions would give the electors a fairer understanding of the issues presented. The submitted ballot title is therefore disapproved, and the following substituted:
 AN ACT TO AMEND INITIATED ACT 4 OF 1948, AS AMENDED, WHICH APPEARS AT ARKANSAS CODE ANNOTATED §§ 11-9-201
THROUGH 11-9-801; TO ESTABLISH A FIFTEEN MEMBER WORKERS' COMPENSATION ADVISORY COUNCIL APPOINTED BY THE GOVERNOR, MADE UP OF EMPLOYER AND EMPLOYEE REPRESENTATIVES AND MEMBERS OF THE GENERAL PUBLIC, TO DETERMINE AND APPROVE THE USES OF FUNDS FOR THE SPECIAL PROJECT TO IMPROVE WORKPLACE SAFETY AND TO AID THE GOVERNOR BY MAKING RECOMMENDATIONS FOR IMPROVEMENTS IN THE WORKERS' COMPENSATION LAW; TO INCLUDE INTOXICATION THROUGH USE OF ILLEGAL DRUGS AS WELL AS ALCOHOL AS A DEFENSE TO A WORKERS' COMPENSATION CLAIM; TO RAISE THE MAXIMUM WEEKLY DISABILITY OR DEATH BENEFIT TO THE AVERAGE WEEKLY WAGE IN THE STATE OF ARKANSAS FOR INJURIES OCCURRING ON OR AFTER JANUARY 1, 1993; TO INCREASE THE MAXIMUM PERIOD OF VOCATIONAL REHABILITATION TRAINING TO ONE HUNDRED FOUR (104) WEEKS FOR EMPLOYEES WHO QUALIFY FOR SUCH TRAINING DUE TO PERMANENT DISABILITY; REQUIRING EMPLOYERS TO PROVIDE A FORM COPY OF THE WORKERS' COMPENSATION STATUTES TO PERMANENTLY DISABLED EMPLOYEES AS SOON AS AN INCAPACITY TO RETURN TO THE WORK BEING PERFORMED AT THE TIME OF INJURY IS KNOWN; TO ALLOCATE FUNDS TO IMPROVE SAFETY IN THE WORKPLACE TO A MINIMUM OF $200,000 PER ANNUM; TO MANDATE EITHER PAYMENT OF MEDICAL BILLS BY AN EMPLOYER OR INSURER WITHIN THIRTY (30) DAYS OF RECEIPT OR A DETAILED EXPLANATION FOR REFUSAL TO MAKE PAYMENT; PROVIDING THAT IF NO PAYMENT OR EXPLANATION IS GIVEN WITHIN 30 DAYS, THE EMPLOYER OR INSURANCE CARRIER SHALL BE REQUIRED TO PAY EXPENSES AS DEEMED REASONABLE BY THE MEDICAL PROVIDER; AND MAKING THE MEDICAL PROVIDER A PARTY TO THE ADJUDICATION IF REASONABLENESS OF CHARGES IS CONTESTED; TO GIVE THE INJURED WORKER A RIGHT TO SELECT A PHYSICIAN OR TO CHANGE ONE TIME ONLY FROM A PHYSICIAN SELECTED BY THE EMPLOYER; TO ELIMINATE THE FORMER SPECIFIC PROVISION REGARDING CHANGE TO A CHIROPRACTIC PHYSICIAN AND THE PROVISION MAKING THE CHANGE OF PHYSICIAN RULES INAPPLICABLE IF NO NOTICE OF RIGHTS IS GIVEN; TO REQUIRE THE WORKERS' COMPENSATION COMMISSION TO CONSIDER WAGE EARNING LOSS AS WELL AS FUNCTIONAL LOSS IN FIXING THE LOSS OR LOSS OF USE OF A BODY PART IF AN INJURED EMPLOYEE IS NOT RETURNED TO WORK OR SUFFERS A WAGE LOSS; TO SET A LIMIT OF TWENTY PERCENT (20%) ON ATTORNEYS' FEES BASED UPON SUMS PAID IN RESPECT TO A CLAIM; TO PROVIDE FOR THE PAYMENT OF FEES BY THE EMPLOYER OR INSURANCE CARRIER ON CONTROVERTED CLAIMS, INSTEAD OF ONE-HALF BEING PAID BY THE CLAIMANT AS REQUIRED BY PREVIOUS LAW; TO ELIMINATE THE FORMER PROVISION FOR THE COMMISSION DIRECTING PAYMENT OF FEES ON UNCONTROVERTED CLAIMS OUT OF COMPENSATION AWARDED, AND OTHER SPECIFIC PROVISIONS GOVERNING LEGAL FEES WITH RESPECT TO CHANGE OF PHYSICIAN, PRELIMINARY CONFERENCES, AND CONTROVERTED CONTINUING MEDICAL EXPENSES; TO PROVIDE THAT IF THE EMPLOYER DOES NOT PROVIDE PAYMENT OF COMPENSATION BY THE FIFTEENTH (15) DAY AFTER NOTICE OF THE INJURY OR DEATH, AND CONTINUE PAYMENTS WHEN DUE, IT SHALL BE PRESUMED THAT THE CLAIM IS CONTROVERTED; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh